UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BARBARA WILLIAMS,<br><br>                                   Plaintiff,<br><br>          v.<br><br>EMERITUS CORPORATION, a foreign<br>corporation, doing business in Nevada as<br>LOYALTON OF LAS VEGAS, DOES I<br>through X and ROES I through X,<br><br>                                   Defendants. | Case No. 2:11-cv-01497-MMD-RJJ<br><br><br>ORDER |

Before the Court is Defendant Emeritus Corporation's Motion to Dismiss (dkt. no. 6).  The Court has also considered Plaintiff Barbara Williams' Opposition (dkt. no. 9), and Emeritus' Reply (dkt. no. 10).

I.     **BACKGROUND**

Plaintiff Barbara Williams is the daughter of Ardelle Ryder, who is now deceased. On February 28, 2009, Ryder, who was previously living at a nursing home in Glendale, California, moved in to the Loyalton of Las Vegas, a nursing home in Las Vegas that is operated by Defendant Emeritus.  Williams visited Ryder at the Loyalton the following day and, when she eventually found her, Ryder began complaining of the pain in her left foot, which was swollen.  Williams then spoke to the Community Relations Director at the Loyalton regarding her mother's condition and, having been assured that her mother would be examined, left the facility.

Williams phoned the nurse at the Loyalton the following day, March 1, 2009, who reassured Williams that Ryder was doing fine.  On March 2, however, Williams visited Ryder at the Loyalton and noticed that her foot was still swollen and that she was still in pain.  Williams called for the nurse, who apparently did not immediately respond, so Williams wheeled Ryder to the nurse's office.  Ryder's blister was allegedly leaking as William's wheeled her to the nurse.  When the nurse saw Ryder's foot she commented that the foot did not look as bad the day before but recognized that Ryder needed hospitalization.

The paramedics arrived shortly thereafter and when one of the paramedics removed Ryder's sock from her foot the blister peeled back, revealing Ryder's flesh.  The paramedic identified Ryder's blister as a burn and she was taken to the hospital.  At the hospital, Williams learned that Ryder was very ill and had a bad infection.  Ryder died two days later.

In September 2011, more than two years after her mother's death, Williams filed this lawsuit against Emeritus asserting the following claims: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) breach of fiduciary duty, (4) negligence, (5) negligent infliction of emotional distress, (6) abuse of elder, and (7) fraud and deceptive trade practice.  Williams represents herself in this lawsuit and files these claims on her own behalf.  That is, Williams did not file this lawsuit as the executor or administrator of her mother's estate.  Emeritus has now filed a motion to dismiss all claims except for the negligence claim.  For the reasons discussed below, the Court grants Emeritus' motion in part and denies it in part.

**II.      DISCUSSION**

      **A.      Real Party in Interest**

            **1.      Legal Standard**

Emeritus argues that Williams is not the proper party to pursue many of the claims in her complaint.  However, Emeritus bases this argument on Rule 17 of the *Nevada* Rules of Civil Procedure, which do not apply in federal court.   *Hanna v. Plumer*, 380

U.S. 460, 465 (1965) (in diversity cases, "federal courts are to apply state substantive law and *federal* procedural law") (emphasis added).  Therefore, the Court will analyze Emeritus' motion under Rule 17 of the Federal Rules of Civil Procedure.

Rule 17 establishes who may bring an action in federal court.  It states that "[a]n action must be prosecuted in the name of the real party in interest."  The "real party in interest" is the person to whom the claim belongs, or, in other words, the person who, under the governing substantive law, is entitled to enforce the right asserted.  *Rawoof v. Trexor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008).  However, a court may only dismiss an action brought by an improper plaintiff when, after the defendant objects, "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).

Emeritus argues that Williams is not the real party in interest as to the claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud, and abuse of senior citizen.  The Court will discuss these claims separately to determine, under Nevada law, if Williams is entitled to enforce them.

### 2.    Breach of Contract

The first element of a breach of contract claim is the existence of a valid contract entered into between the parties.  *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000).  Thus, the plaintiff must be a party to or in privity of contract with the defendant to enforce the terms of the contract.  *Ferris v. Carson Water Co.*, 16 Nev. 44, 47 (1881).

Before Ryder was admitted to the Loyalton she was required to enter into a contract with Loyalton for nursing home services.  Williams bases her claim on this contract.  However, this contract, which Williams attached to her complaint, clearly states that the parties to the contract are Ryder and Loyalton.  The fact that Williams signed the contract as Ryder's legal representative does not make Williams a party to the contract.  Therefore, Ryder's estate is the real party in interest as to this claim because it was Ryder, and not Williams, who possessed the right to enforce the terms of the Contract.

///

**3.     Breach of the Implied Covenant of Good Faith and Fair Dealing**

The same analysis applies to Williams' breach of the implied covenant of good faith and fair dealing claim because this claim is premised on the existence of a contract between Williams and Loyalton. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). Therefore, Williams is not the real party in interest for this claim either.

**4.     Breach of Fiduciary Duty**

Williams is not the real party in interest as to the breach of fiduciary duty claim because the fiduciary relationship existed, if at all, between Ryder and Loyalton. *Mosier v. S. Cal. Physicians Ins. Exch.*, 74 Cal. Rptr. 2d 550, 565 (Cal. Ct. App. 1998) (the existence of a fiduciary relationship is required for breach of fiduciary duty claim). Again, Williams is not a party to the contract at issue and, even if she were, any purported fiduciary duties under that contract were owed to Ryder. Williams had no relationship with Emeritus that would give rise to a fiduciary duty. Therefore, Williams is not the real party in interest as to this claim.

**5.     Fraud**

Williams alleges that both Williams and her mother were deceived by Emeritus' false advertisements and representations. Because Williams pleads this claim so vaguely, the Court cannot determine conclusively who the real party in interest is. Thus, the Court will allow Williams to assert it to the extent it pertains to any alleged fraud committed against Williams herself. However, to the extent this claim pertains to Emeritus defrauding her mother, it is her mother's estate that has a right to assert the claim.

**6.     Abuse of Elder (NRS § 200.5091, *et. seq.*)**

Because Williams is not clear, the Court can only assume that Williams brings this claim under NRS § 200.5091, *et. seq.*, which is a criminal statue dealing with the neglect, exploitation, or isolation of elders. However, this statute has no express provision providing for a private right of action. Rather, the statute provides for penalties that are penal in nature. NRS § 200.5099. "[T]he absence of an express provision

4

1  providing for a private cause of action to enforce a statutory right strongly suggests that

2  the Legislature did not intend to create a privately enforceable judicial remedy."

3  *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101 (Nev. 2008).   Furthermore, the

4  policy behind this statute is to ensure reporting of elder abuse and to improve

5  cooperation among the different departments of the state government in identifying elder

6  abuse.   NRS § 200.5091.   Nothing in this policy speaks to the rights or remedies of

7  individuals.   Therefore, a private right of action is neither expressed nor implied in this

8  statute.   As such, neither Williams, nor Ryder's Estate for that matter, can bring an action

9  on this claim.

10                  **7.    Conclusion**

11       In conclusion, the Court finds that Williams is not the real party in interest to

12  assert the claims for breach of contract, breach of the implied covenant of good faith and

13  fair dealing, breach of fiduciary duty and fraud.   However, the Court does not dismiss

14  these claims at the present time because, pursuant to Rule 17(a)(3), the Court will allow

15  the real party in interest – Ryder's executor or administrator – to ratify, join, or be

16  substituted into the action.   Said party will have sixty (60) days from the date of this order

17  to do so.   The claim for elder abuse will be dismissed with prejudice.

18       The Court will analyze the two claims to which Williams is the real party in interest

19  – the negligent infliction of emotional distress and the fraud claims as they pertains to

20  Emeritus' alleged deception of Williams herself.

21            **B.    Remaining Claims**

22                 **1.    Legal Standard**

23       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

24  relief can be granted."   Fed. R. Civ. P. 12(b)(6).   A properly pled complaint must provide

25  "a short and plain statement of the claim showing that the pleader is entitled to relief."

26  Fed. R. Civ. P. 8(a)(2).   While Rule 8 does not require detailed factual allegations, it

27  demands "more than labels and conclusions" or a "formulaic recitation of the elements of

28  a cause of action."   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*

### 2.   NIED

Williams' NIED claim fails for two reasons, both of which stem from the fact that her complaint is excessively vague.  First, Williams does not adequately allege that she contemporaneously observed an accident, or any injury causing event or incident for that matter.  *Crippens v. Sav On Drug Stores*, 961 P. 2d 761, 762 (Nev. 1998) (plaintiff must adequately allege she was located near the scene of the accident that she observed).  Rather, Williams alleges that she observed an ongoing condition of neglect, which is not the proper basis for an NIED claim.    If it were the proper basis, then such a claim would lie, for example, every time someone observed a family member in the hospital during a course of treatment that turned out to be improper.

Second, an NIED claim also requires a plaintiff to adequately plead that she suffered "a shock resulting from the direct emotional impact stemming from the sensory and contemporaneous observance of the accident."  *Id.*  This second element necessarily fails because, as just discussed, Williams does not adequately allege contemporaneous observance of an accident or event.  However, this claim would still fail even if she did.  Williams appears to allege that the "shock" she suffered was high blood pressure.  Yet, high blood pressure is more of a condition resulting from shock than a shock itself.  Thus, Williams does not adequately allege the required "shock."  Moreover, even if Williams' high blood pressure did constitute shock, Williams does not state when (or even approximately when) her high blood pressure occurred (*e.g.*, after a visit to the nursing home or hospital, one month after her mother's death, one year after her

mother's death, etc.).  Without these allegations the Court cannot determine whether Williams adequately alleges that her high blood pressure stems from her observance of an accident (assuming there is an accident), thus making her allegations merely speculative.  Accordingly, under the facts alleged Williams fails to state a valid NIED claim.

### 3.    Fraud

The Court dismisses Williams' fraud claim because it is not pled with the requisite amount of specificity.  Rule 9 of the Federal Rules of Civil Procedure state that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994).

Williams alleges Emeritus made false advertisements and representations, yet in her complaint Williams does not allege when the false advertisement was made, where they were made and what Emeritus allegedly misrepresented.  As currently pled, this claim leaves Emeritus in the dark in preparing a defense. The alleged misrepresentations could have occurred prior to, during, or after Ryder's admission to the Loyalton, they could have been made in an advertisement, over the phone, or in person, and they could have been made by any number of persons.  The lack of this kind of specific information is fatal to Williams' fraud claim.

## III.    CONCLUSION

IT IS HEREBY ORDERED that Emeritus' Motion to Dismiss (dkt. no. 6) is GRANTED in part and DENIED in part, as follows:

- DENIED as to the claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty and fraud (as it pertains to the alleged fraud committed against Ryder).

///

- GRANTED as to the claim for elder abuse.  Dismissal of this claim is with prejudice.
- GRANTED as to the claim for negligent infliction of emotional distress and fraud (as it pertains to the alleged fraud committed against Williams). Dismissal of these claims will be without prejudice.

IT IS FURTHER ORDERED that the executor or administrator of Ardelle Ryder's Estate has sixty (60) days from the date of this order to ratify, join, or be substituted into this action, pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure.

DATED THIS 17th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE