1   William D. Naeve
    Nevada Bar No. 7837
2   MURCHISON & CUMMING, LLP
    6900 Westcliff Drive, Suite 605
3   Las Vegas, Nevada 89146
    Telephone:    (702) 360-3956
4   Facsimile:    (702) 360-3957
    Email:        wnaeve@murchisonlaw.com
5
    Attorneys for Defendant, EMERITUS PROPERTIES-NGH, LLC, dba EMERITUS AT
6   LAS VEGAS, erroneously sued and served herein as EMERITUS CORPORATION, a
    Foreign Corporation, doing business in Nevada as LOYALTON OF LAS VEGAS
7

8                       UNITED STATES DISTRICT COURT
9                            DISTRICT OF NEVADA
10

11  BARBARA WILLIAMS,                          Case No. 2:11-cv-01497-KJD-RJJ

12              Plaintiff,
                                                      ORDER OF DISMISSAL
13       v.
                                              [*Fed. Rules Civ. P.*, Rule 41(b)]
14  EMERITUS CORPORATION, a Foreign
    Corporation, doing Business in Nevada as
15  LOYALTON OF LAS VERGAS, DOES I
    through X and ROES I through X,
16
                Defendants.
17

18

19       **WHEREAS** on or about September 16, 2011, BARBARA WILLIAMS, plaintiff in

20  pro se, filed a Complaint on her own behalf alleging Breach of Contract, Breach of Trust and

21  Good Faith, Breach of Fiduciary Duty, Negligence, Negligent Infliction of Mental Suffering,

22  Abuse of Senior Citizen, and Fraud and Deceptive Trade Practice, predicated upon injuries

23  allegedly sustained by her mother, decedent Ardelle Ryder, while she was a resident at a

24  facility operated by defendant EMERITUS CORPORATION-NGH, LLC, dba EMERITUS

25  AT LAS VEGAS, erroneously sued and served herein as EMERITUS CORPORATION, a

26  Foreign Corporation, doing business in Nevada as LOYALTON OF LAS VEGAS

27  ("EMERITUS") (hereinafter referred to as the "*Williams v. Emeritus litigation*"); and

28       **WHEREAS** Ardell Ryder died on April 5, 2009; and

1    **WHEREAS** the Estate of Ardelle Ryder was *not* named as a party plaintiff in the

2    Complaint filed by plaintiff Barbara Williams in the *Williams v. Emeritus litigation*; and

3    **WHEREAS** defendant EMERITUS filed a Motion to Dismiss in this matter (Docket

4    No. 6) addressing plaintiff's first claim for "Breach of Contract," second claim for "Breach of

5    Trust and Good Faith," third claim for "Breach of Fiduciary Duty," fifth claim for "Negligent

6    Infliction of Mental Suffering," sixth claim for "Abuse of Senior Citizen and Elderly Person,"

7    and seventh claim for "Fraud and Deceptive Trade Practice"; and

8    **WHEREAS** on August 17, 2012, after its consideration of the moving, opposition,

9    and reply papers filed by the parties in connection with defendant's Motion to Dismiss, this

10   Court filed and served an Order ruling on defendant's Motion to Dismiss, identified as Docket

11   No. 12. In its Order, this Court ruled:

12          A.    Plaintiff BARBARA WILLIAMS is not the real party in interest as to the

13                claims for Breach of Contract, Breach of Trust and Good Faith, and Breach of

14                Fiduciary Duty; and

15          B.    Rather than dismissing the first claim for relief for Breach of Contract, and the

16                second claim for relief for Breach of Trust and Good Faith, plaintiff

17                BARBARA WILLIAMS was given 60 days leave to allow the real party in

18                interest – Ardelle Ryder's Executor or Administrator – to ratify, join, or be

19                substituted into the action; and

20          C.    The sixth claim for relief for Abuse of Senior Citizen and Elderly Person was

21                dismissed with prejudice; and

22          D.    The fifth claim for relief for Negligent Infliction of Mental Suffering, and the

23                seventh claim for relief for Fraud and Deceptive Trade Practice were both

24                dismissed without prejudice as to plaintiff BARBARA WILLIAMS.

25          A true and correct copy of this Court's August 17, 2012, Order is attached hereto as

26   Exhibit "A".

27          **WHEREAS** the deadline for the Executor or Administrator of the Estate of Ardell

28   Ryder to ratify, join or substitute into this action was October 17, 2012; and

1       **WHEREAS** the Executor or Administrator of the Estate of Ardelle Ryder did not

2   ratify, join or substitute into the *Williams v. Emeritus litigation*, and the deadline established

3   by the Court for the Executor or Administrator of the Estate of Ardelle Ryder to participate in

4   this litigation as a party has now expired; and

5       **WHEREAS** this Court is vested with authority to enter an involuntary dismissal *sua*

6   *sponte* (*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-632 (1962) where, among other things, a

7   party to comply with any order of the court (*Yourish v. California Amplifier* 191 F.3d 983,

8   986-987 (9th Cir. 1999) and/or fails to amend a complaint after an order granting leave to

9   amend (*Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420*,

10   726 F.2d 525, 528 (9th Cir. 1984); and

11       **WHEREAS** good cause existing therefor, the Court rules, orders, and adjudges as

12   follows:

13       1.    **IT IS HEREBY ORDERED** that plaintiff BARBARA WILLIAMS' first

14   claim for "Breach of Contract," second claim for "Breach of Trust and Good Faith," third

15   claim for "Breach of Fiduciary Duty," fifth claim for "Negligent Infliction of Mental

16   Suffering," sixth claim for "Abuse of Senior Citizen and Elderly Person," and seventh claim

17   for "Fraud and Deceptive Trade Practice" are hereby *dismissed with prejudice* as to

18   defendant EMERITUS CORPORATION-NGH, LLC, dba EMERITUS AT LAS VEGAS,

19   erroneously sued and served herein as EMERITUS CORPORATION, a Foreign Corporation,

20   doing business in Nevada as LOYALTON OF LAS VEGAS ("EMERITUS") and that any

21   final judgment in this matter shall reflect that adjudication; and

22       2.    **IT IS FURTHER ORDERED** that defendant EMERITUS will answer the

23   remaining claim for negligence within 14 days of the execution of this Order.

24       **IT IS SO ORDERED.**

25

26   DATED:   October 23, 2012 

27

28                                     UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"

1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *

9    BARBARA WILLIAMS,                        Case No. 2:11-cv-01497-MMD-RJJ

10                          Plaintiff,

11        v.                                              ORDER

12   EMERITUS CORPORATION, a foreign
     corporation, doing business in Nevada as
13   LOYALTON OF LAS VEGAS, DOES I
     through X and ROES I through X,
14
                           Defendants.
15

16

17        Before the Court is Defendant Emeritus Corporation's Motion to Dismiss (dkt. no.

18   6). The Court has also considered Plaintiff Barbara Williams' Opposition (dkt. no. 9), and

19   Emeritus' Reply (dkt. no. 10).

20   I.    BACKGROUND

21        Plaintiff Barbara Williams is the daughter of Ardelle Ryder, who is now deceased.

22   On February 28, 2009, Ryder, who was previously living at a nursing home in Glendale,

23   California, moved in to the Loyalton of Las Vegas, a nursing home in Las Vegas that is

24   operated by Defendant Emeritus. Williams visited Ryder at the Loyalton the following

25   day and, when she eventually found her, Ryder began complaining of the pain in her left

26   foot, which was swollen. Williams then spoke to the Community Relations Director at the

27   Loyalton regarding her mother's condition and, having been assured that her mother

28   would be examined, left the facility.

1    Williams phoned the nurse at the Loyalton the following day, March 1, 2009, who
2    reassured Williams that Ryder was doing fine. On March 2, however, Williams visited
3    Ryder at the Loyalton and noticed that her foot was still swollen and that she was still in
4    pain. Williams called for the nurse, who apparently did not immediately respond, so
5    Williams wheeled Ryder to the nurse's office. Ryder's blister was allegedly leaking as
6    William's wheeled her to the nurse. When the nurse saw Ryder's foot she commented
7    that the foot did not look as bad the day before but recognized that Ryder needed
8    hospitalization.

9    The paramedics arrived shortly thereafter and when one of the paramedics
10   removed Ryder's sock from her foot the blister peeled back, revealing Ryder's flesh.
11   The paramedic identified Ryder's blister as a burn and she was taken to the hospital. At
12   the hospital, Williams learned that Ryder was very ill and had a bad infection. Ryder
13   died two days later.

14   In September 2011, more than two years after her mother's death, Williams filed
15   this lawsuit against Emeritus asserting the following claims: (1) breach of contract, (2)
16   breach of the duty of good faith and fair dealing, (3) breach of fiduciary duty, (4)
17   negligence, (5) negligent infliction of emotional distress, (6) abuse of elder, and (7) fraud
18   and deceptive trade practice. Williams represents herself in this lawsuit and files these
19   claims on her own behalf. That is, Williams did not file this lawsuit as the executor or
20   administrator of her mother's estate. Emeritus has now filed a motion to dismiss all
21   claims except for the negligence claim. For the reasons discussed below, the Court
22   grants Emeritus' motion in part and denies it in part.

23   II.    **DISCUSSION**

24          A.    **Real Party in Interest**

25                1.    **Legal Standard**

26   Emeritus argues that Williams is not the proper party to pursue many of the claims
27   in her complaint. However, Emeritus bases this argument on Rule 17 of the *Nevada*
28   Rules of Civil Procedure, which do not apply in federal court. *Hanna v. Plumer*, 380

1  U.S. 460, 465 (1965) (in diversity cases, "federal courts are to apply state substantive

2  law and *federal* procedural law") (emphasis added).  Therefore, the Court will analyze

3  Emeritus' motion under Rule 17 of the Federal Rules of Civil Procedure.

4        Rule 17 establishes who may bring an action in federal court.  It states that "[a]n

5  action must be prosecuted in the name of the real party in interest."  The "real party in

6  interest" is the person to whom the claim belongs, or, in other words, the person who,

7  under the governing substantive law, is entitled to enforce the right asserted.  *Rawoof v.*

8  *Trexor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008).  However, a court may only

9  dismiss an action brought by an improper plaintiff when, after the defendant objects, "a

10  reasonable time has been allowed for the real party in interest to ratify, join, or be

11  substituted into the action."  Fed. R. Civ. P. 17(a)(3).

12        Emeritus argues that Williams is not the real party in interest as to the claims for

13  breach of contract, breach of the covenant of good faith and fair dealing, breach of

14  fiduciary duty, fraud, and abuse of senior citizen.  The Court will discuss these claims

15  separately to determine, under Nevada law, if Williams is entitled to enforce them.

16        2.    **Breach of Contract**

17        The first element of a breach of contract claim is the existence of a valid contract

18  entered into between the parties.  *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev.

19  2000).  Thus, the plaintiff must be a party to or in privity of contract with the defendant to

20  enforce the terms of the contract.  *Ferris v. Carson Water Co.*, 16 Nev. 44, 47 (1881).

21        Before Ryder was admitted to the Loyalton she was required to enter into a

22  contract with Loyalton for nursing home services.  Williams bases her claim on this

23  contract. However, this contract, which Williams attached to her complaint, clearly states

24  that the parties to the contract are Ryder and Loyalton.  The fact that Williams signed the

25  contract as Ryder's legal representative does not make Williams a party to the contract.

26  Therefore, Ryder's estate is the real party in interest as to this claim because it was

27  Ryder, and not Williams, who possessed the right to enforce the terms of the Contract.

28  ///

1

2      **3.**     **Breach of the Implied Covenant of Good Faith and Fair Dealing**

3      The same analysis applies to Williams' breach of the implied covenant of good

4  faith and fair dealing claim because this claim is premised on the existence of a contract

5  between Williams and Loyalton. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Therefore, Williams is not the real party in interest for this claim either.

6      **4.**     **Breach of Fiduciary Duty**

7      Williams is not the real party in interest as to the breach of fiduciary duty claim

8  because the fiduciary relationship existed, if at all, between Ryder and Loyalton. *Mosier*

9  *v. S. Cal. Physicians Ins. Exch.*, 74 Cal. Rptr. 2d 550, 565 (Cal. Ct. App. 1998) (the

10  existence of a fiduciary relationship is required for breach of fiduciary duty claim). Again,

11  Williams is not a party to the contract at issue and, even if she were, any purported

12  fiduciary duties under that contract were owed to Ryder. Williams had no relationship

13  with Emeritus that would give rise to a fiduciary duty. Therefore, Williams is not the real

14  party in interest as to this claim.

15      **5.**     **Fraud**

16      Williams alleges that both Williams and her mother were deceived by Emeritus'

17  false advertisements and representations. Because Williams pleads this claim so

18  vaguely, the Court cannot determine conclusively who the real party in interest is. Thus,

19  the Court will allow Williams to assert it to the extent it pertains to any alleged fraud

20  committed against Williams herself. However, to the extent this claim pertains to

21  Emeritus defrauding her mother, it is her mother's estate that has a right to assert the

22  claim.

23      **6.**     **Abuse of Elder (NRS § 200.5091, *et. seq.*)**

24      Because Williams is not clear, the Court can only assume that Williams brings this

25  claim under NRS § 200.5091, *et. seq.*, which is a criminal statue dealing with the

26  neglect, exploitation, or isolation of elders. However, this statute has no express

27  provision providing for a private right of action. Rather, the statute provides for penalties

28  that are penal in nature. NRS § 200.5099. "[T]he absence of an express provision

1  providing for a private cause of action to enforce a statutory right strongly suggests that
2  the Legislature did not intend to create a privately enforceable judicial remedy."
3  *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101 (Nev. 2008).  Furthermore, the
4  policy behind this statute is to ensure reporting of elder abuse and to improve
5  cooperation among the different departments of the state government in identifying elder
6  abuse.  NRS § 200.5091.  Nothing in this policy speaks to the rights or remedies of
7  individuals.  Therefore, a private right of action is neither expressed nor implied in this
8  statute. As such, neither Williams, nor Ryder's Estate for that matter, can bring an action
9  on this claim.

10                    **7.     Conclusion**

11          In conclusion, the Court finds that Williams is not the real party in interest to
12  assert the claims for breach of contract, breach of the implied covenant of good faith and
13  fair dealing, breach of fiduciary duty and fraud.  However, the Court does not dismiss
14  these claims at the present time because, pursuant to Rule 17(a)(3), the Court will allow
15  the real party in interest — Ryder's executor or administrator — to ratify, join, or be
16  substituted into the action.  Said party will have sixty (60) days from the date of this order
17  to do so. The claim for elder abuse will be dismissed with prejudice.

18          The Court will analyze the two claims to which Williams is the real party in interest
19  — the negligent infliction of emotional distress and the fraud claims as they pertains to
20  Emeritus' alleged deception of Williams herself.

21          **B.    Remaining Claims**

22                    **1.     Legal Standard**

23          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
24  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide
25  "a short and plain statement of the claim showing that the pleader is entitled to relief."
26  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed factual allegations, it
27  demands "more than labels and conclusions" or a "formulaic recitation of the elements of
28  a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v.*

1   *Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the

2   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to

3   survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a

4   claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation

5   omitted). A claim is facially plausible when the plaintiff's complaint alleges facts that

6   allow the court to draw a reasonable inference that the defendant is liable for the alleged

7   misconduct. *Id.*

8          2.   **NIED**

9          Williams' NIED claim fails for two reasons, both of which stem from the fact that

10  her complaint is excessively vague. First, Williams does not adequately allege that she

11  contemporaneously observed an accident, or any injury causing event or incident for that

12  matter. *Crippens v. Sav On Drug Stores*, 961 P. 2d 761, 762 (Nev. 1998) (plaintiff must

13  adequately allege she was located near the scene of the accident that she observed).

14  Rather, Williams alleges that she observed an ongoing condition of neglect, which is not

15  the proper basis for an NIED claim.   If it were the proper basis, then such a claim would

16  lie, for example, every time someone observed a family member in the hospital during a

17  course of treatment that turned out to be improper.

18         Second, an NIED claim also requires a plaintiff to adequately plead that she

19  suffered "a shock resulting from the direct emotional impact stemming from the sensory

20  and contemporaneous observance of the accident." *Id.* This second element necessarily

21  fails because, as just discussed, Williams does not adequately allege contemporaneous

22  observance of an accident or event. However, this claim would still fail even if she did.

23  Williams appears to allege that the "shock" she suffered was high blood pressure. Yet,

24  high blood pressure is more of a condition resulting from shock than a shock itself.

25  Thus, Williams does not adequately allege the required "shock." Moreover, even if

26  Williams' high blood pressure did constitute shock, Williams does not state when (or

27  even approximately when) her high blood pressure occurred (*e.g.*, after a visit to the

28  nursing home or hospital, one month after her mother's death, one year after her

6

1   mother's death, etc.).  Without these allegations the Court cannot determine whether
2   Williams adequately alleges that her high blood pressure stems from her observance of
3   an accident (assuming there is an accident), thus making her allegations merely
4   speculative.  Accordingly, under the facts alleged Williams fails to state a valid NIED
5   claim.

6               **3.    Fraud**
7        The Court dismisses Williams' fraud claim because it is not pled with the requisite
8   amount of specificity.  Rule 9 of the Federal Rules of Civil Procedure state that "[i]n
9   alleging fraud or mistake, a party must state with particularity the circumstances
10  constituting fraud or mistake."  Pleading fraud with particularity requires "an account of
11  the time, place, and specific content of the false representations, as well as the identities
12  of the parties to the misrepresentations." *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th
13  Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994).

14       Williams alleges Emeritus made false advertisements and representations, yet in
15  her complaint Williams does not allege when the false advertisement was made, where
16  they were made and what Emeritus allegedly misrepresented.  As currently pled, this
17  claim leaves Emeritus in the dark in preparing a defense.  The alleged
18  misrepresentations could have occurred prior to, during, or after Ryder's admission to
19  the Loyalton, they could have been made in an advertisement, over the phone, or in
20  person, and they could have been made by any number of persons.  The lack of this
21  kind of specific information is fatal to Williams' fraud claim.

22  **III.    CONCLUSION**
23       IT IS HEREBY ORDERED that Emeritus' Motion to Dismiss (dkt. no. 6) is
24  GRANTED in part and DENIED in part, as follows:

25       •   DENIED as to the claims for breach of contract, breach of the covenant of
26           good faith and fair dealing, breach of fiduciary duty and fraud (as it pertains
27           to the alleged fraud committed against Ryder).

28  ///

1      • GRANTED as to the claim for elder abuse.  Dismissal of this claim is with
2         prejudice.
3      • GRANTED as to the claim for negligent infliction of emotional distress and
4         fraud (as it pertains to the alleged fraud committed against Williams).
5         Dismissal of these claims will be without prejudice.
6      IT IS FURTHER ORDERED that the executor or administrator of Ardelle Ryder's
7    Estate has sixty (60) days from the date of this order to ratify, join, or be substituted into
8    this action, pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure.
9
10     DATED THIS 17th day of August 2012.
11
12                                              UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8